**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AUSTIN FLANAGAN : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION** |
| : | **NO.:** |
| vs. : | |
| : | |
| NX UTILITIES LLC, : | |
| ACI USA, LLC : | |
| : | **PLAINTIFF REQUESTS A TRIAL** |
| : | **BY JURY** |
| : | |
| **Defendant** : | |
| : | |

**COMPLAINT**

**I.    PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Austin Flanagan. Plaintiff was an employee of Defendant was NX Utilities LLC, which was doing business as ACI USA, LLC. The exact corporate relationship between Defendant NX Utilities LLC and ACI USA, LLC is unknown at this time, but upon information and belief the two entities are joint employers of the Plaintiff under Pennsylvania Common Law.

1

2. This action arises under Pennsylvania Common Law.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, as there is diversity of citizenship between the parties and Plaintiff is making a claim in excess of $75,000.

4. The Eastern District of Pennsylvania has general jurisdiction over the Defendant, and specific jurisdiction over this matter as the events giving rise to the claim occurred in the Eastern District.

## III. PARTIES

5. The Plaintiff herein is Austin Flannagan, former employee of the Defendant.

6. The Defendants herein herein are NX Utilities LLC and ACI USA, LLC. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant.

## IV. UNDERLYING FACTS

7. Defendants employed Plaintiff for approximately seven months.

8. In or around November of 2018, Plaintiff was injured during the course and scope of his employment.

9. Plaintiff went to urgent care and was given work restrictions by the doctor.

10. Plaintiff was harassed due to his work restrictions and work related injury.

11. Plaintiff was told he was accused of faking his injuries, and one time a manager threatened him saying he was going to give the plaintiff a "real injury."

12. Eventually, it became clear the restrictions were not enough and the injuries were more serious than feared.

13. Plaintiff went out a work and pursued workers compensation benefits.

14. Plaintiff was officially terminated on February 2, 2019.

15. Plaintiff was not told he was terminated.

16. Instead it wasn't until the spring of 2019 that Plaintiff discovered he was terminated.

## COUNT I
## WRONG FUL DISCHARGE UNDER PENNSYLVANIA COMMON LAW

17. Paragraphs 1-16 are incorporated as if repeated at length herein.

18. Defendants were made aware of Plaintiff's work related injury.

19. Defendants were aware of Plaintiff seeking workers compensation benefits.

20. As soon as Plaintiff was injured at work, Plaintiff began facing hostility.

21. Plaintiff's termination was motivated by Plaintiff's pursuit of workers compensation benefit.

22. The actions of the Defendants of firing Plaintiff due to his work-related injuries abridges a significant and recognized public policy as articulated under <u>Shick v. Shirley</u>, 552 Pa. 590 (1998).

23. As a direct result of the actions and/or conduct of the defendant, Plaintiff suffered serious and continuing damages and injuries including but not limited to, loss of income, benefits, damage to his reputation, and emotional pain and suffering.

24. The actions and conduct of the defendant were wilful and malicious and were undertaken for the purpose of depriving plaintiff of his legally protected rights.

## PRAYER FOR RELIEF

25. Plaintiff incorporates paragraphs 1 through 24 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in her favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination based on her disability, age, and request for leave.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted;

By. /s/ Mark R. Natale Esq.

Mark R. Natale, Esq.